UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MINNIE HENDERSON<br><br>PLAINTIFF,<br><br>Plaintiff<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>DEFENDANT,<br><br>Defendant | CASE NO.: 4:19-CV-01437<br><br>AMENDED COMPLAINT |

## AMENDED COMPLAINT

Plaintiff Minnie Henderson, by and through her counsel of record, pursuant to the Court's Order of June 5, 2019 granting leave to amend, files this amended complaint.

## INTRODUCTION

1. Minnie Henderson brings this action against Ocwen Loan Servicing, LLC (collectively "Ocwen" or "Defendants") for violations of the Real Estate Procedures Act, 12 U.S.C. §§ 2605, 2617, and the regulations promulgated thereunder at Regulation X, 12 C.F.R. part 1024 ("Regulation X"); common law breach of contract; violations of the Texas Finance Code, and an action in equity for an Accounting. Ocwen Loan Servicing, LLC. is the loan servicer for plaintiff's home mortgage loan. Plaintiff brings this suit to recover equitable relief, restitution, refunds, disgorgement, damages,

including compensatory and punitive damages, costs of suit, and attorneys' fees, and other relief for defendant's violations of Federal and State consumer financial laws. The actions of defendant has harmed plaintiff.  Defendant Ocwen has improperly calculated loan balances, misapplied borrower payments, failed to correctly process escrow and insurance documenation, and failed to properly investigate and make corrections in response to plaintiff's written complaints. In addition, Ocwen has transferred plaintiff's loan servicing without fully disclosing or correcting errors in plainntiff's loan files.

## JURISDICTION AND VENUE

2.     The Court has subject-matter jurisdiction over this action because it is brought under Federal consumer financial law which presents a federal question, 28 U.S.C. § 1331, and plaintiff invokes the jurisdiction of this Court in accordance with 28 U.S.C. §§ 1331, 1332, and 1367.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants  do business in this district and a substantial part of the events or omissions giving rise to the claims took place in this district.

## PLAINTIFF

4.     Plaintiff Minnie Henderson presently is, and at all times relevant to this cause of action was a resident of Houston, Texas.

5.     Plaintiff is the record owner of property located at 3910 Badger Forest Drive, Houston, Texas  77088.  The relevant property is legally described as Lot 26 and Block 5, Oaks of Inwood, Section 1, of the Deed Records of Harris County, Texas. Plaintiff executed a deed of trust on the property on or about May 2003.

## DEFENDANT

6. Ocwen Loan Servicing, LLC ("OLS") is a Delaware limited liability company that maintains its principal place of business in West Palm Beach, Florida. At all times relevant to this complaint, OLS has done business in this District and throughout the United States.

7. Ocwen Loan Services, LLC engages in mortgage loan servicing activities by processing borrower payments, managing loss mitigation processes, and administering foreclosures. Ocwen also acquires and collects upon borrowers' mortgage debts that are in default.

8. OLS is licensed by numerous state regulators to service loans and collect upon borrowers' mortgage debts. OLS is also the owner of the mortgage servicing rights for the loans that Ocwen services.

9. OLS is the servicer for plaintiff's mortgage loan.

## FACTS

10. Plaintiff repeats and realleges the facts contained in the preceding paragraphs.

11. Plaintiff executed a deed of trust on or about March 2019 on her home.

12. Ocwen Loan Servicing, LLC. ("OLS") is the loan servicer of that loan.

13. OLS has failed to adequately track and apply plaintiff's monthly payments.

14. OLS has failed to adequately maintain and account for plaintiff's payment of principal and interest, taxes, and insurance.

15. OLS repaid unnecessarily plaintiff's property taxes has more fully setout below after plaintiff had timely paid them previously.   Aldine ISD refunding OLS the amount of taxes paid by OLS due to plaintiff's prior payment.  However, defendant

OLS failed to credit plaintiff for the prior payment nor for the refund of the excess taxpayment.

16. Defendant, due to its own errors in accounting and tracking, falsely states that plaintiff is in default and demands plaintiff must pay a deficiency that does not exist due to defendant's failure to properly track and account for payments.

17. Defendant will not apply plaintiff's payments to her monthly mortgage principal and interest balance by holding the funds in an separate account.

18. Defendant has failed to timely respond to plaintiff's request to correct the errors, refuses to correct the erroneous default, and continues to threaten plaintiff with foreclosure.  Plaintiff has written defendant to request corrections and provided defendant with proof of her contractual performance under the terms of the deed of trust.  Defendant has failed to correct the errors and resolve the inaccuracies.  Defendant has reported erroneous information to the credit bureaus resulting in further harm to plaintiff.

19. By not applying plaintiff's timely payments, plaintiff's loan is negatively amortizing.  Defendant has now transferred the loan to a new servicer with erroneous information and has now increased the amount of negative amortization.

## COUNT I.

## VIOLATOINS OF REAL ESTATE PROCEDURES ACT, 12 U.S.C. §§ 2605, 2617, and REGULATION X, 12 C.F.R. PART 1024 ("Regulation X")

21. The defendant established an escrow on plaintiff's account in early 2019. The defendant failed to provide plaintiff within sixty (60) days of the creation of the new escrow an initial escrow account statement.

22. The defendant failed to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments;  (2) failed to

apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law; (3) failed to credit a payment to a borrower's mortgage loan account as of the date of receipt in violation of 12 CFR 1026.36(c)(1); failed to provide accurate information to a borrower regarding loss mitigation options and foreclosure, as required by § 1024.39; failure to transfer accurately and timely information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

## COUNT II.

## BREACH OF CONTRACT

23. Plaintiff repeats and realleges the factual allegations in the preceding paragraphs. Defendant has materially breached the terms of the deed of trust. A breach of contract occurs when there is the (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; 3) material breach by the defendant; and 4) damages sustained by the plaintiff as a result of that breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.--Dallas 2007, no pet.)

24. On or about March 19, 2003, plaintiff executed a deed of trust, recorded on June 11, 2013 under file number 200180023 in the property records of Harris County, Texas with defendant and/or defendant's predecessor Argent Mortgage Company, LLC. Defendant is a mortgage servicing agent that services the loan for the lender and/or investors.

25. Defendant Ocwen Loan Servicing, LLC. has breached the contractual provisions of the Deed of Trust by failing to apply payments or proceeds from Plaintiff Minnie Henderson monthly payments as agreed in the Deed of Trust. Specifically, defendants breached Paragraph 2 of the Deed of Trust that requires the lender and its servicer to apply plaintiffs monthly payments in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under

Section 3. Such payments shall be applied to each Periodic Payment in the Order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

26. On March 27, 2019, defendant sent plaintiff a notice of default purporting that plaintiff owes defendant $3,464.23. Then four (4) days later on April 1, 2019, defendant sent to plaintiff a statement purporting that plaintiff owes $5,159.65 on plaintiff's mortgage account. Both amounts are incorrect. Plaintiff owes defendant nothing and is current and has been current.

27. Plaintiff has never missed a mortgage payment. Plaintiff timely pays her annual taxes and insurance as evidenced by receipts and checks plaintiff attached to her petition and contained in the Clerk's record. Plaintiff pays her taxes and insurance directly as she has been allowed to do by the mortgage servicer throughout the life of the loan. For example, plaintiff timely paid property taxes for the year 2018 on November 6, 2018. The receipt obtained from the taxing authority evidences plaintiff's timely payment of property taxes before the end of the year on Nov. 6, 2018. (*See attached* Exhibit 1, Receipt - Plaintiff Minnie Henderson's Tax Payment) . Defendant erroneously claimed plaintiff had not paid the taxes when plaintiff had in fact done so as the attached receipt shows. Defendant then unnecessarily repaid the previously paid property taxes on January 11, 2019, over two months after plaintiff had in fact timely paid the taxes. (*See attached* Exhibit 2, Receipt – Defendant Ocwen Loan Servicing, LLC.' Subsequent Payment). Defendant then and continues to erroneously report that plaintiff is in default for unpaid taxes and has added this erroneous amount to her account as owing and says she is in default for not paying defendant for taxes she timely paid. Moreover, the taxing entity, Aldine Independent School District refunded defendant their unnecessary and obviously erroneous payment, yet defendant continues to attempt

to demand and collect taxes that were previously paid falsely claiming plaintiff is in default.

28. Again, plaintiff has never missed a monthly mortgage payment. Defendant has breached the contract's explicit terms by misapplying payments and willfully not applying plaintiff's monthly payments in accordance with the contractual provisions of the deed of trust. Defendant is intentionally taking plaintiff's monthly payments and holding them in a "separate unapplied funds account." Defendant's actions give the false appearance of negative accrual of unpaid monthly mortgage payments by failing to properly apply plaintiff's timely payments and thus fails to amortize down the loan balance. Due to defendant's erroneous and incomplete recordkeeping, Plaintiff's credit has been unjustifiably harmed. Likewise, plaintiff has suffered damages equal to the amount of lost amortization or rather negative amortization of the loan balance, added costs and expenses, plus the amount claimed to be owed totally less than $6,000.00.

29. The amount in controversy is not more than $6,000.00.

## COUNT III.

## VIOLATIONS OF TEXAS FINANCE CODE

30. Plaintiff repeats and realleges the factual allegations in the preceding paragraphs. Defendant Ocwen Loan Servicing, LLC. is a "debt collector" as defined in Texas Finance Code §392.001. Plaintiff ids a "consumer" as defined in Texas Finance Code §392.001.

One or more of defendant's actions in attempting to collect a debt was in violation of the Texas Debt Collection Practices Act, including:

(1) Using fraudulent, deceptive and/or misleading representations in connection with the collection of a debt. Tex. Fin. Code §392.304;

(2) Using unfair and/or unconscionable means in the attempted collection of a debt Tex. Fin. Code §392.303.

(3) misrepresenting the character, extent, or amount of a consumer debt

(4) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer

31. One or more of these violations resulted in actual damages to Plaintiff. Defendant's erroneous recordkeeping and reporting has unnecessarily harmed plaintiff's credit score. As discussed above, plaintiff has misrepresented the amount of plaintiff's debt by failing to timely and appropriately apply her payments to her mortgage account as made under the terms of the deed of trust, erroneously claiming plaintiff owes for taxes when plaintiff has timely made tax payments, then adding the erroneous deficiencies to her mortgage account for payments plaintiff previously paid to the taxing authority and further adding negative amortization to her mortgage account. Defendant has notice and proof of plaintiff's timely tax payments and defendant has received a refund of the tax payment, but continues to fraudulently, deceptively, and misleadingly reports to the credit bureaus and continues to demand payment and collection from plaintiff for an erroneous arrears that does not exist. Defendant has placed plaintiff in a default status and is threatening foreclosure. All based on a misrepresentation of the actual amount owed. The damages do not exceed $6,000. Plaintiff seeks statutory damages.

## COUNT IV.

## ACTION ON ACCOUNTING

32. Plaintiff seeks equitable relief of an accounting at common law. Defendant, as mortgage servicer, is a fiduciary and has a responsibility to keep accurate books and records. The Court is empowered under its equitable authority to grant plaintiff an accounting of the loan's payment history to provide the Court and all

parties involved accurate and complete records where non-exists.  As the attached exhibits demonstrate, defendant has been negligent in its recordkeeping and has failed to properly credit plaintiff's account when required to do so under the deed of trust.

## ATTORNEYS' FEES

33.     As a result of Defendant's conduct, Plaintiff has been required to obtain the services of the undersigned attorney for the filing, prosecution and trial of this cause, and therefore seeks an award of reasonable and necessary attorney's fees pursuant to applicable law.

## DEMAND FOR JURY TRIAL

34.     Plaintiff hereby demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

35.     Plaintiff request judgments against Defendants as follows:

a.  for an order finding defendant breached the contract (deed of trust),

b.  declaring Ocwen Loan Servicing, LLC's actions to be unlawful;

c.  injunctive relief, including public injunctive relief permanently enjoining Ocwen Loan Servicing, LLC. from performing further unfair and unlawful acts as alleged herein.

d.  for all recoverable compensatory, statutory, and other damages sustained by Plaintiff and the Class, including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

e.  for costs; G.

f.  for both pre-judgment and post-judgment interest on any amounts awarded;

h. for treble damages insofar as they are allowed by applicable laws;

   i. for appropriate equitable relief as requested above, including an accounting;

   j. for payment of attorneys' fees and expert fees as may be allowable under

   applicable law; and

   k. for such other and further general relief, including declaratory relief, as the Court may deem proper.

Dated:  June 12, 2019

Respectfully Submitted,

William Greer, Esq

**/s/William Greer**
Attorney & Counselor-At-Law
1716 Washington Ave., Suite A
Houston, Texas  77007
Texas Bar No.: 24080487
PH: (281) 795-8323
Fax: (281) 741-9288
E-mail:  filings-law@tutanota.com
**Attorney for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of a duplicate of the above and foregoing Amended Complaint has been served upon all opposing parties, or their attorneys of record, by either certified mail, return receipt requested, hand delivery, or telephonic or electronic document transfer.

Barry McCain
Dykema
1717 Main Street, Suite 4200
Dallas, Texas  75201
Email:  bmmcain@dykema.com

Adam Nunnallee
Dykema
1717 Main Street, Suite 4200
Dallas, Texas  75201
Email:  ANunnallee@dykema.com

/s/William Greer